IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHYSHERRA HILL-GREENE : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL ACTION No. |
| : | |
| WALMART STORES EAST, LP : | JURY TRIAL DEMANDED |
| SHANELL HENRY : | |
| WAL-MART REAL ESTATE BUSINESS TRUST : | |
| Defendants : | |

## DEFENDANTS' NOTICE OF REMOVAL

Removing Defendants, Wal-Mart Stores East, LP and Wal-Mart Real Estate Business Trust (hereinafter referred to as "Walmart") and Shanell Henry (hereinafter referred to as "Defendant Henry"), by and through their undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby file this Notice of Removal pursuant to 28 U.S.C. U.S.C. § 1441(a) and (b) and § 1446(b) and (c)(2) to remove this action from the Philadelphia County Court of Common Please, July Term, 20222 No. 01181 where it is currently pending to the United States District Court for the Eastern District of Pennsylvania and in support thereof aver as follows:

1. On or about July 14, 2022, Plaintiff Rhysherra Hill-Green (hereinafter "Plaintiff"), initiated her civil action by filing a Complaint in the Court of Common Pleas of Philadelphia County, July Term, 20222 No. 01181. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. Walmart was served process by mail in Bentonville, Arkansas on July 26, 2022. A true and correct copy of the USPS Tracking receipt is attached hereto as Exhibit "B."

3. In her Complaint, Plaintiff alleges that on April 7, 2021, she was caused to slip and fall on a substance that was on the floor at the Walmart store located at 9745 Roosevelt Boulevard in Philadelphia, Pennsylvania. *See* Exhibit "A," ¶ 8.

4. Plaintiff claims that as a result of her slip and fall, she "suffered various serious and permanent personal injuries, serious impairment of bodily function and/or serious disfigurement and/or aggravation of pre-existing conditions" which resulted in an accumulation of medical expenses and a loss of earnings. *See* Exhibit "A," ¶¶ 12-16.

5. In her prayer for relief, Plaintiff seeks a judgement in her favor for an amount "in excess Seventy-Five Thousand ($75,000) Dollars..." *See* Exhibit "A," Ad Damnum paragraph.

6. Defendant Henry was the Manager of the Walmart store on the date of the alleged incident.

7. Defendant Henry was fraudulently joined to prevent removal to federal court.

8. Plaintiff is diverse from the remaining Walmart Defendants.

9. All named defendants consent to removal of this matter from the Court of Common Pleas to this court.

10. This Notice of Removal is filed within thirty days of service of the Complaint.

11. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

**A. PLAINTIFF IS DIVERSE FROM ALL PROPERLY JOINED DEFENDANTS**

12. Plaintiff resides at 3863 N. Gratz Street, Philadelphia, Pennsylvania. *See* Exhibit "A."

13. Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

14. Wal-Mart Real Estate Business Trust is an Arkansas trust with its principal place of business in Bentonville, Arkansas.

15. At all times material hereto, the subject Walmart Store, located at 3722 East Nazareth Road, Easton, Pennsylvania was maintained and operated by Wal-Mart Stores East, LP.

16. Accordingly, Plaintiff is diverse from the named Walmart Defendants.

17. As stated above, Plaintiff named Defendant Henry as an individual defendant in this matter. *See* Exhibit "A."

18. Plaintiff alleges that Defendant Henry was at all times relevant hereto employed by Co-Defendant(s), acting within the scope of her/his agency, as manager of the premises, and was individually, jointly, and/or as agent of Co-Defendant, legally responsible for the care, control, and/or safety of the premises located at 9745 Roosevelt Blvd Ste. A, Philadelphia, PA." *See* Exhibit "A," *See* Exhibit "A," ¶ 3.

19. As to Defendant Henry, Plaintiff's Complaint does not allege any affirmative act of misfeasance or participation in creating the condition that allegedly caused Plaintiff's injuries.

20. Plaintiff's Complaint describes only failures and omissions, and reads in relevant part as follows: "The negligence of Defendants consisted of, inter alia, the following:

   a. Failure to clean up the liquid substance;

   b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

   c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f. Failure to provide adequate safeguards to prevent the injury to plaintiff;

    g. Failure to exercise the proper care, custody and control over the aforesaid premises."

Exhibit "A," ¶ 17.

21. Plaintiff's allegations against all Defendants are collectively based on alleged inactions of Walmart employees.

22. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (*citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

23. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, 448 F.3d at 216.

24. "'Fraudulent joinder' is a term of art – a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests – one objective and one subjective." *Lopez v. Home Depot, Inc.*,

2008 U.S. Dist. LEXIS 56292, *4-5 (E.D. Pa. Jul. 22, 2008) (*citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

25. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Arndt v, Johnson & Johnson*, 2014 U.S. Dist. LEXIS 28629, *8-9 (E.D. Pa. March 5, 2014) (*quoting Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

26. Although Defendant Henry was employed as the Store Manager at the time of the alleged incident, she did not own, occupy, operate, maintain, or control the subject premises; therefore, she had no personal duty to Plaintiff.

27. Under Pennsylvania law, an individual manager of an entity cannot be liable for the corporation's negligence unless he took part in the commission of the tort. *See Wicks v. Milzoco Builders Inc.,* 503 Pa. 614, 621-22, 470 A.2d 86, 90 (Pa. 1983); *Jackson v. Burlington Coat Factory*, Civ. A. No. 17-2459, 2017 U.S. Dist. LEXIS 131233, at *11 (E.D. Pa. Aug. 17, 2017) (dismissing claims against manager of store because alleged "failures or omissions constitute, at best, nonfeasance on the part of [the manager]"); *Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, Civ. A. No. 17-4580, 2018 U.S. Dist. LEXIS 163903, at *16–17 (E.D. Pa. Sept. 25, 2018) (finding dismissal proper because "[d]efendants are alleged to have breached this duty solely through inaction").

28. Thus, there is no reasonable basis for Plaintiff's claim against Defendant Henry in her individual capacity.

29. Therefore, Defendant Henry's inclusion in this lawsuit does not destroy diversity of citizenship. *See In re Diet Drugs,* 220 F. Supp. 2d 414, 419 (E.D. Pa. Aug. 13, 2002) (stating that "[t]he presence of a party fraudulently joined cannot defeat removal").

30. Accordingly, Plaintiff is diverse from the properly joined Defendants, and the requirements for removal based on diversity of citizenship are satisfied.

### B.  THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000 EXCLUSIVE OF INTERESTS AND COSTS

31. Removal is proper under 28 U.S.C. § 1446(b) when, as here, the initial pleading asserts a cause of action valued more than Seventy-Five Thousand Dollars.

32. In her Complaint, Plaintiff seeks a judgement in her favor for an amount "in excess Seventy-Five Thousand ($75,000) Dollars..."  *See* Exhibit "A," Ad Damnum paragraph.

33. This Notice of Removal is timely filed within thirty (30) days of receipt of Plaintiff's Complaint.

34. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

35. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

36. Based on the foregoing, including Plaintiff's allegations of severe and permanent injuries and Plaintiff's demand exceeding $75,000, the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000 exclusive of interest and costs.

37.     Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

38.     Pursuant to 28 U.S.C. 1446(a), copies of the pleadings and orders served upon Defendants are attached hereto as Exhibits A, B, and C.

**WHEREFORE**, Removing Defendants Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, and Shanell Henry respectfully request that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**MCDONNELL & ASSOCIATES, P.C.**

Dated: August 25, 2022                  By: */s/ Patrick J. McDonnell*
　　　　　　　　　　　　　　　　　　　　Patrick J. McDonnell, Esquire
　　　　　　　　　　　　　　　　　　　　J. Michael Kvetan, Esquire
　　　　　　　　　　　　　　　　　　　　Metropolitan Business Center
　　　　　　　　　　　　　　　　　　　　860 1st Avenue, Suite 5B
　　　　　　　　　　　　　　　　　　　　King of Prussia, PA  19406
　　　　　　　　　　　　　　　　　　　　(610)   337-2087 - Telephone
　　　　　　　　　　　　　　　　　　　　(610)   337-2575 - Facsimile
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHYSHERRA HILL-GREENE : | |
| Plaintiff : | |
| v. : | CIVIL ACTION No. |
| WALMART STORES EAST, LP : | JURY TRIAL DEMANDED |
| SHANELL HENRY : | |
| WAL-MART REAL ESTATE BUSINESS TRUST : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Patrick J. McDonnell, Esquire, hereby certify that, on the below date, the Notice of Removal was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic and first-class mail on this same date on the following:

Marc Simon, Esquire
Simon and Simon
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
*Attorneys for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated:   August 25, 2022        By:   */s/ Patrick J. McDonnell*
                                       Patrick J. McDonnell, Esquire
                                       *Attorneys for Defendants*